# THE CHICAGO AND NORTH WESTERN RAILWAY COMPANY

*v.*

## CHARLES DEMENT.

1. NEW TRIAL — *verdict against the evidence.* Although the correctness of a verdict may be doubtful, yet if it is not clearly against the evidence, or unsupported by it, the finding will not be disturbed.

2. So in an action against a railroad to recover the value of a cow alleged to have been killed by a train, the proof as to the manner in which the cow was killed was, that, when found, she was lying on her back in the railway ditch, between two and three feet from the track, bloated, and the

blood oozing from her nose. The jury found she came to her death from a passing train, and the court, though doubtful of the correctness of their finding, refused to disturb it.

3. INSTRUCTIONS — *omissions therein obviated by the proof.* Although the instructions, given in such a case for the plaintiff, omit to state that it must be proved that the road had been operated for six months prior to the accident, yet no harm could result to the defendant for such omission, when it clearly appeared from the evidence that the road had been in use for a much longer period.

APPEAL from the Circuit Court of Lee county; the Hon. W. W. HEATON, Judge, presiding.

The case is stated in the opinion of the court.

Messrs. GOODWIN & WILLIAMS, for the appellant.

Messrs. BARGE & HEATON, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by the appellee against the appellant, to recover the value of a cow alleged to have been killed by a railway train. The only question in the case is, whether the cow was in fact killed by the train. When found, she was lying on her back in the railway ditch, between two and three feet from the track, bloated, and the blood oozing from her nose. She bore, however, no external marks of injury. The jury found she came to her death from a passing train.

We do not consider this a case in which we can set aside the verdict as unsupported by the evidence. It is certainly singular that the cow, if killed by the train, bore no external marks of violence. But, on the other hand, the place where she was found dead raises a strong presumption, that she had been killed by one of the several trains proved to have passed over the road the night before. Here was a mode by which the death could be explained, and no other cause is shown to have existed which would explain it. The jury probably thought an animal might be so struck by a train that death would ensue from an internal injury, without external marks of vio-

lence, and that the bloated condition of the cow, and the blood oozing from the nose, indicated such injury, and we cannot say they were in error. The question is purely one of fact, the determination of which belonged to the jury, and though doubtful of the correctness of their finding, our convictions are not sufficiently clear to justify us in setting aside the verdict. We cannot say it was clearly against the evidence or unsupported by it, and the case is not therefore of that class in which this court awards a new trial upon that ground.

It is urged that the first and second instructions for plaintiff are defective in not requiring it to be proved, that the road had been operated for six months prior to the accident. No harm, however, can have resulted to the defendant from this omission, as it clearly appears from the evidence, the road had been in use for a much longer period of time. The judgment must be affirmed.

*Judgment affirmed.*